IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

DENNIS LEE HOGAN,

    Petitioner,

v.                                     Case No. 5:21-cv-00338

WARDEN, FCI BECKLEY,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Dennis Lee Hogan's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2). This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 2), and this civil action, for lack of jurisdiction.

**PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM**

**A.    Petitioner's conviction and prior post-conviction filings.**

On August 20, 2018, pursuant to a written plea agreement, Petitioner pled guilty in the United States District Court for the Central District of Illinois to one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). *See United States v. Hogan*, Case No. 2:17-cr-20039 (C.D. Ill. Aug. 20, 2018), ECF No 21. (ECF No. 10, Exs. 2, 3). According to court records, Petitioner had prior convictions for Attempted

Criminal Sexual Assault, Criminal Sexual Abuse, Unlawful Restraint, and Failure to Register as a Sex Offender in Illinois. In his plea agreement, Petitioner admitted that, at the time he possessed a firearm, he had a prior felony conviction. *Id.* at 7. Petitioner's plea agreement contained appellate and collateral attack waivers, except for claims of ineffective assistance of counsel. *Id.* at 7-8.

On January 15, 2019, Petitioner was sentenced by the Illinois district court to a 71-month term of imprisonment. *Id.*, ECF No. 38. Petitioner did not file a direct appeal. However, on June 29, 2020, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 challenging his conviction based upon the Supreme Court of the United States' decision in *Rehaif v. United States*, 129 S. Ct. 2191 (2019). *Id.*, ECF No. 45. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." [hereinafter "knowledge of status element"] 139 S. Ct. at 2200. Thus, *Rehaif* represents a change in interpretation of the statutory elements necessary to be convicted under §§ 922(g) and 924(a)(2).

On October 20, 2021, the Illinois district court denied Petitioner's § 2255 motion, finding that his *Rehaif* claim was barred by the collateral attack waiver in his plea agreement and further denying a certificate of appealability. *Id.*, ECF No. 52. The Seventh Circuit also denied a certificate of appealability. Petitioner's motion for reconsideration was also denied by the Illinois district court, finding that it was an unauthorized second or successive § 2255 motion. (ECF No. 10 at 3).

### B. The instant § 2241 petition.

On June 14, 2021, Petitioner filed the instant § 2241 petition (ECF No. 2) and memorandum in support (ECF No. 3), again asserting that his § 922(g)(1) guilty plea and conviction are invalid because the government did not plead and prove the knowledge of status element, as required by *Rehaif,* and that his counsel was ineffective in failing to challenge his conviction and sentence based upon the principles in *Rehaif* and sentencing enhancements grounded in un-convicted conduct. (ECF No. 2 at 6-8).

On August 9, 2021, Respondent responded to Petitioner's § 2241 petition, as ordered by the court. (ECF No. 10). The response asserts that Petitioner's claims for relief are both procedurally and substantively barred. On September 20, 2021, Petitioner filed a reply brief contending that he can meet the savings clause criteria for jurisdiction and reiterating his arguments that his § 922(g)(1) conviction is invalid, and his sentencing enhancements are improper based upon a "multitude of constitutional issues." (ECF No. 13).

On June 27, 2023, Respondent filed a Motion for Leave to File Supplemental Authority (ECF No, 14), asserting that the United States Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), decided after briefing herein was completed, is binding authority that prohibits a prisoner asserting an intervening change in interpretation of a criminal statute to use the savings clause in 28 U.S.C. § 2255(e) to circumvent the restrictions for filing a second or successive § 2255 motion. (ECF No. 14 at 1). On November 7, 2023, the undersigned granted Respondent's motion. (ECF No.

15). This matter is ripe for resolution.[1]

## ANALYSIS

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which made significant reforms to the federal post-conviction review process for both state and federal prisoners. As relevant here, AEDPA restricted the filing of second or successive § 2255 motions to those motions that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 US.C. § 2255(h).

Petitioner's claims in the instant petition challenge the validity of his § 922(g)(1) conviction, not the execution of his sentence. Thus, they would be appropriately brought in a § 2255 motion. However, Petitioner previously filed an unsuccessful § 2255 motion. Thus, he is procedurally barred from filing another § 2255 motion unless he demonstrate that his claims are based upon "newly discovered evidence," or "a new rule of

---

[1] Petitioner's petition sought the vacatur of his § 922(g)(1) conviction and withdrawal of his guilty plea, or at least the removal of the sentencing enhancements and reduction in his sentence. (ECF No. 2 at 8). Petitioner was released from Bureau of Prisons ("BOP") custody on May 27, 2022. Thus, to the extent that he sought a reduction in his term of imprisonment and release from BOP custody, his petition is moot. However, his challenge to his conviction is not necessarily rendered moot by such release.

constitutional law." *See* 28 §§ 2255(h)(1) and (2). However, another AEDPA provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). This section is known as the "savings clause" and permits a prisoner to seek relief under § 2241 instead of § 2255.

Accordingly, for Petitioner to pursue relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The mere fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Courts have struggled with ascertaining when § 2255 is "inadequate or ineffective," resulting in a split of authority among the federal circuit courts. However, on June 22, 2023, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465, 471 (2023), which held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." The Court emphasized that "[t]he inability of

5

a prisoner with a statutory claim to satisfy [the conditions of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 480.

As noted above, the decision in *Rehaif* is a change in statutory interpretation. Thus, it will not permit Petitioner to meet the savings clause criteria and this court lacks jurisdiction to consider his *Rehaif* claims under § 2241. *Id.* at *4-5; C*ovington v. Andrews*, No. 22-7118, 2023 WL 4701179 (4th Cir. July 24, 2023) (affirming dismissal of § 2241 petition mounting successive collateral attack grounded in change of statutory interpretation for lack of jurisdiction); *Hall v. Hudgins*, No. 22-6208, 2023 WL 4363658 (4th Cir. July 6, 2023) (same). Likewise, Petitioner's claims concerning his sentencing enhancements and his related claims of ineffective assistance of counsel do not meet the criteria for review in a second or successive § 2255 motion or under the savings clause. Thus, this court lacks jurisdiction to consider them in the instant § 2241 petition. The Fourth Circuit has instructed that such petitions should be dismissed without prejudice. *See Clark v. Lieu*, No. 22-6846, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023) quoting *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (recognizing that dismissal based on "defect in subject matter jurisdiction . . . must be one without prejudice.") Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the criteria of 28 U.S.C. § 2255(e) to have the present petition considered by this federal court under § 2241 and the proper resolution is to dismiss the instant petition without prejudice.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 2), and this civil action, for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

<u>May 29, 2024</u>

Dwane L. Tinsley
United States Magistrate Judge